# United States District Court
# Central District of California

| | |
|---|---|
| JOSE HERNANDEZ,<br><br>            Plaintiff,<br><br>    v.<br><br>XPO LOGISTICS FREIGHT, INC.; XPO LOGISTICS; CINDY ANDERSON; MARIA PEREGRINA; and DOES 1–50, Inclusive,<br><br>            Defendants. | Case No. 2:18-cv-01034-ODW-MRW<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [16] AND DENYING DEFENDANTS' MOTION TO DISMISS AS MOOT [12]** |

## I. INTRODUCTION

Plaintiff Jose Hernandez ("Plaintiff") filed suit in the Los Angeles County Superior Court against XPO Logistics and XPO Logistics Freight, Inc.[1] (collectively, "XPO"), and individuals Cindy Anderson and Maria Peregrina[2] (collectively, "Individual Defendants"). (*See* Compl., ECF No. 9-1.) Plaintiff alleges various employment and termination related state law claims against XPO. (*See generally id.*)

---

[1] XPO Logistics, Inc., is the "ultimate parent of XPO Logistics Freight, Inc." (Declaration of Riina Tohvert ("Tohvert Decl. I") ¶ 1, ECF No. 6.)

[2] Defendants note that Maria Peregrina's name is actually Maria Talina Pedregon. (*See* Mot. Dismiss 4, ECF No. 12.)

He also alleges a claim for intentional infliction of emotional distress ("IIED") against XPO and Individual Defendants (collectively, "Defendants"). (*See id.* ¶¶ 96–100.) XPO removed the case to this Court, asserting fraudulent joinder of the Individual Defendants. (Not. Removal, ECF No. 4.) Individual Defendants moved to dismiss the single claim against them. (Mot. Dismiss, ECF No. 12.) Plaintiff, in turn, moved to remand the case for lack of subject matter jurisdiction. (Mot. Remand, ECF No. 16.) For the following reasons, the Court **GRANTS** Plaintiff's Motion to Remand (ECF No. 16) and **DENIES** as moot Individual Defendants' Motion to Dismiss (ECF No. 12).

## II. FACTUAL BACKGROUND

Plaintiff, a California resident, became employed as a driver for XPO in or about 1995. (Compl. ¶¶ 1, 12.) During his employment, Plaintiff began suffering from physical disabilities, resulting from his "repetitive job duties." (*Id.* ¶ 13.) Plaintiff filed a workers' compensation claim for his work-related disability, and during the summer of 2016, his treating doctor placed him on a medical leave of absence. (*Id.*)

In August 2017, Plaintiff's doctor released him to return to work, subject to certain restrictions. (*Id.* ¶ 14.) Plaintiff informed Defendants of his doctor-imposed restrictions and scheduled return-to-work date. (*Id.*) Defendants told Plaintiff that he need not "bother returning to work." (*Id.*) On or about September 18, 2017, XPO terminated Plaintiff.[3] (*Id.* ¶ 12; Mot. Remand, Ex. 1, ECF No. 16-1.) Plaintiff alleges

---

[3] Defendants object to Exhibit 1 of Plaintiff's Motion to Remand—the termination letter he received—on relevancy, hearsay, and foundation grounds. (Defs.' Evidentiary Objections 6, ECF No. 19.) The letter is clearly relevant in a case where the central allegations involve Plaintiff's termination and the role of Individual Defendants in that termination. Additionally, while Plaintiff's attorney, Armando Galvan, lacks personal knowledge of the letter, *United States v. Dibble*, 429 F.2d 598, 602 (9th Cir. 1970) ("In general, an attorney does not have personal knowledge . . . of a document produced by his client or created prior to litigation."), Plaintiff authenticates the letter in his own declaration. (Hernandez Decl. ¶ 6.) As the recipient of this letter, Plaintiff may properly authenticate it. See Fed. R. Evid. 901. As to the hearsay objection, a statement offered against an opposing party and made by that party is exempt from the hearsay rule. Fed. R. Evid. 801(d)(2). Accordingly, the Court **OVERRULES** Defendants' objection as to the admissibility of this letter.

his termination was impermissibly motivated by his disability and protected activity, "including his requests for accommodation and taking a protected leave of absence." (*Id.* ¶ 15.) He asserts that Defendants also terminated him because of his age, alleging that Defendants accommodated the leave requests and work restrictions of younger workers but not those of employees, like himself, over forty (40) years old. (*Id.*)

Plaintiff filed his complaints with the California Department of Fair Employment and Housing. (*Id.* ¶ 16.) On November 1, 2017, the Department issued Plaintiff a Right-to-Sue Notice. (*Id.*) Plaintiff subsequently filed suit against Defendants in the Los Angeles County Superior Court on November 28, 2017. (*See* Compl. ¶ 1.)

Under California state law, Plaintiff brought claims against XPO for (1) disability discrimination; (2) failure to accommodate; (3) failure to engage in the interactive process; (4) violation of the California Family Rights Act; (5) retaliation; (6) age discrimination; (7) denied meal periods; (8) denied rest periods; (9) failure to provide accurate itemized wage statements; (10) wrongful termination in violation of public policy; (11) failure to pay all earned wages upon termination; and (12) unfair, unlawful, and fraudulent business practices. (*See generally id.*) Plaintiff brought a thirteenth claim for IIED against both XPO and Individual Defendants. (*Id.* ¶¶ 96–100.)

XPO Logistics Freight, Inc., is incorporated in Delaware. (Tohvert Decl. I ¶ 2.) Its principal place of business, headquarters, and high-level management are all located in Michigan.[4] (*Id.*) XPO Logistics, Inc. is also incorporated in Delaware, and all of its "primary, executive, financial, policymaking, and management functions" take place at the corporation's principal place of business in Connecticut.[5]

---

[4] Plaintiff originally and correctly alleged Defendant XPO Logistics Freight, Inc., to be a Delaware corporation. (Tohvert Decl. I ¶ 2.) However, Plaintiff later incorrectly claimed Defendant to be a New Jersey corporation. (Mot. Remand 4.)

[5] Although Plaintiff alleged in his Complaint that Defendant XPO Logistics' principle place of business is in California, he concedes that it is not a California resident for purposes of diversity in his Motion to Remand. (*Compare* Compl. ¶ 7, *with* Mot. Remand 6.)

(Declaration of Riina Tohvert ("Tohvert Decl. II") ¶ 2, ECF No. 7.) Individual Defendants are both domiciled in California. (Compl. ¶¶ 8–9.)

On February 7, 2018, XPO removed the case, asserting removal is proper because the only non-diverse parties, Individual Defendants, are fraudulently joined. (Not. Removal ¶ 17.) Defendants moved to dismiss the sole claim against Individual Defendants on February 13, 2018. (*See* Mot. Dismiss.) Plaintiff failed to timely oppose the Motion to Dismiss. Instead, On March 8, 2018, Plaintiff moved to remand the case, arguing that the Court lacked subject matter jurisdiction. (Mot. Remand.) Defendants opposed that Motion on March 19, 2018. (Opp'n Remand, ECF No. 18.) Plaintiff belatedly opposed the Motion to Dismiss on March 29, 2018. (Opp'n Mot. Dismiss, ECF No. 24.) Individual Defendant's Motion to Dismiss (ECF No. 12) and Plaintiff's Motion to Remand (ECF No. 16) are now before the Court.[6]

---

[6] After considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

4

### III. LEGAL STANDARD FOR REMOVAL

Federal courts only possess jurisdiction over those matters authorized by the Constitution and Congress. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may only be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Original jurisdiction exists where there is a federal question, pursuant to 28 U.S.C. § 1331, or total diversity of citizenship among the parties, pursuant to 28 U.S.C. § 1332. A federal court may exercise diversity jurisdiction if there is complete diversity of citizenship among the adverse parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Courts strictly construe the removal statute against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *See Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006). If there is any doubt as to the propriety of removal, the Court must remand the case. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988).

### IV. REQUESTS FOR JUDICIAL NOTICE

The Court first considers Plaintiff's requests for judicial notice of four documents in conjunction with his Motion to Remand. (*See* Req. for Judicial Not. in Support of Opp. Mot. Remand ("Req. Judicial Not."), ECF No. 20.) The Court may consider external evidence "in deciding a remand motion, including documents that can be judicially noticed." *Vasserman v. Henry Mayo Newhall Mem'l Hosp.*, 65 F. Supp. 3d 932, 941 (C.D. Cal. 2014). Under Rule 201 of the Federal Rules of Evidence, the Court may take judicial notice of "[o]fficial acts of legislative, executive, and judicial departments of the United States," and "[f]acts and propositions that are not reasonably subject to dispute and are capable of immediate and accurate determination by resort to sources of reasonably undisputable accuracy." Fed. R. Evid. 201.

Plaintiff requested the Court take notice of four documents: (1) a true and correct copy of the defamation verdict form filed in conjunction with *Chopourian v. Catholic Healthcare West*, No. CIV S-09-cv-02972-KJM KJN, 2012 WL 1551728 (E.D. Cal. Apr. 30, 2012) (ECF No. 20-1); (2) a true and correct copy of the report of the jury verdict entered in the Los Angeles County Superior Court in *Thomas v. Tapout LLC*, No. BC399198, 2011 Jury Verdicts LEXIS 212042 (Mar. 31, 2011) (ECF No. 20-2); (3) a true and correct copy of the Central District's decision in *Vasquez v. Arvato Digital Servs.*, CV 11-02836 RSWL (AJWx), 2011 U.S. Dist. LEXIS 69154 (C.D. Cal. June 27, 2011) (ECF No. 20-3); and (4) a true and correct copy of the Central District's decision in *Rivera v. Costco Wholesale Corp.*, No. C 08-02202 CW, 2008 U.S. Dist. LEXIS 58610 (C.D. Cal. July 11, 2008) (ECF No. 20-4). (Req. Judicial Not. 2.)

The first and second requests for judicial notice are for the *Chopourian* jury verdict form and the *Thomas* jury verdict report, respectively. (Judicial Not. 2.) The "accuracy of the jury verdicts as public records of prior proceedings can be determined by readily available resources whose accuracy cannot reasonably be questioned." *Vasquez v. Arvato Digital Servs.*, 2011 WL 256061 at *2. "[A] court may properly take judicial notice of [such] matters," as long as they directly relate to matters at issue. *Kim v. BMW Fin. Servs. NA, LLC*, 142 F. Supp. 3d 935, 940 (C.D. Cal. 2015); *see United States v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

The *Chopourian* verdict is irrelevant as that case involved a different claim brought by a different party against a different employer for a different cause of action—defamation. (*See* Req. Judicial Not., Ex. 1.) It lacks any meaningful connection to the present litigation. (*Id.*) Thus, the Court declines to take judicial notice of the *Chopourian* verdict form. However, the *Thomas* verdict report summary involved wrongful termination and IIED claims very similar to those at issue in this case, as well as the pending motions specifically. (Req. Judicial Not., Ex. 2.) Accordingly, in keeping with other decisions in this district, the Court takes judicial

notice of the *Thomas* verdict report. *See, e.g.*, *Perez v. Hermetic Seal Corp.*, Case No. CV 16-05211-BRO (FFMx), 2016 WL 5477990, at *3 n.3 (C.D. Cal. Sept. 27, 2016).

As to the *Vasquez* and *Rivera* decisions, it is unnecessary and improper for the Court to take adjudicative judicial notice because "[j]udicial notice of law is outside the scope of Rule 201." *Mcvey v. Mcvey*, 26 F. Supp. 3d 980, 985 (C.D. Cal. 2014). "It is unnecessary to request the court judicially notice . . . cases from California and federal courts . . . . [T]he Court routinely considers such legal authorities in doing its legal analysis without a party requesting they be judicially noticed." *Lucero v. Wong*, No. C 10-1339 SI (pr), 2011 WL 5834963, at *5 (N.D. Cal. Nov. 11, 2001); *see also BP West Coast Prods. LLC v. May*, 347 F. Supp. 2d 898, 901 (D. Nev. 2004) (noting judicial notice is unnecessary for courts to "take a case into account as non-binding precedent"). Thus, the Court declines to take judicial notice of the *Vasquez* and *Rivera* decisions.

## V. DISCUSSION

Federal courts are courts of limited jurisdiction. *See* U.S. Const. Art. III, § 2, cl. 1. For a state action to be removed to federal court, the party seeking removal must demonstrate either that there is a federal question or complete diversity among the parties.[7] XPO removed this action to the Central District based on diversity jurisdiction, alleging that Individual Defendants were fraudulently joined. (*See generally* Not. Removal; Mot. Dismiss.) Plaintiff argues that Individual Defendants are properly joined because an IIED claim may be stated against them and therefore the case must be remanded to state court because no diversity exists. (*See* Mot. Remand.)

### A. Plaintiff's Failure to Comply with Local Rule 7-3

"Local Rule 7-3 requires 'counsel contemplating the filing of any motion [to] first contact opposing counsel to discuss thoroughly, preferably in person, the

---

[7] While Plaintiff briefly addresses federal question jurisdiction in the Motion to Remand (Mot. Remand 7), Defendants never asserted that a federal question provided the basis for removal. (*See generally* Mot. Dismiss.)

7

substance of the contemplated motion and any potential resolution.'" *Jauregui v. Nationstar Mortg. LLC*, No. EDCV 15-00382-VAP (KKx), 2015 WL 2154148, at *2 (C.D. Cal. May 7, 2015). When the moving party fails to comply with this requirement, it is within the discretion of the Court to refuse to consider their motion. *Reed v. Sandstone Props., L.P.*, No. CV 12–05021 MMM (VBKx), 2013 WL 1344912, at *6 (C.D. Cal. Apr. 2, 2013). "Generally, courts exercise this discretion when the failure to meet and confer prejudice[s] opposing counsel." *Jauregui*, 2015 WL 2154148, at *2. However, it is well-established that a party suffers little prejudice from a failure to meet and confer regarding a motion to remand. *Id*; *see also Wilson-Condon v. Allstate Indem. Co.*, No. CV 11-05538 GAF (PJWx), 2011 WL 3439272, at *1 (C.D. Cal. Aug. 4, 2011) (considering merits of a motion to remand despite failure to meet and confer).

Individual Defendants assert that Plaintiff made no effort to meet and confer before filing Plaintiff's Motion to Remand and that it should therefore be disregarded altogether. (Opp. Remand 2.) However, they have not indicated that they suffered any prejudice as a result of this failure to confer. (*See id.*) Indeed, in light of Defendants' removal and Motion to Dismiss, they had every reason to anticipate that Plaintiff would oppose the removal and assertion of fraudulent joinder. (*See* Not. Removal; Mot. Dismiss.) Additionally, Federal courts have an obligation to determine the existence of subject matter jurisdiction, regardless of whether the parties raise the issue. *See Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). Federal Rule of Civil Procedure 12(h)(3) requires that, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Under Rule 12(h)(3), "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action . . . ." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). The Court reviews Plaintiff's Motion on the merits.

**B. Motion To Remand**

*1. Evidentiary Objections*

    *a. Galvan Declaration and Exhibits to the Motion to Remand*

Defendants object to the admissibility of Galvan's assertion in paragraph 6 of his declaration that Exhibit 2 is a "true and correct copy" of a portion of Defendants' own site discussing the location of Defendants' various locations and operation centers. Galvan's statement is made for purposes of authenticating Exhibit 2, which contains information relevant to XPO's locations. Defendant objects to this statement and the underlying exhibit on relevancy, foundation, and hearsay grounds.

The document is relevant, because the central issue before the Court relates to the domicile of parties for the purposes of determining jurisdiction. (*See generally* Mot. Dismiss; Mot. Remand.) As to Galvan's personal knowledge of the document, it is reasonable to infer that Galvan had personal knowledge of the source of the content in question, as it was accessible on a public website, and as Plaintiff's attorney, Galvan himself formulated and compiled these exhibits. *See generally Dibble*, 429 F.2d at 602. The Court **OVERRULES** Defendants' objections to paragraph 6.

As to the document itself, Galvan's statement is sufficient to authenticate Exhibit 2. Further, the document survives the hearsay objection, because a statement offered against an opposing party and made by that party is exempt from the hearsay rule. Fed. R. Evid. 801(2)(d). Here, a statement from XPO's own website is being offered against the Defendants. Thus, the Court **OVERRULES** Defendants' objections to Exhibit 2.

Finally, Defendants object to paragraph 7 of the declaration as inadmissible argument.[8] (Defs.' Evidentiary Objections 3.) Under Local Rule 7–7, "[d]eclarations shall contain only factual, evidentiary matter." C.D. Cal. L.R. 7–7. "[C]ourts in this

---

[8] In filing their objections, Defendants predicated this argument on Federal Rule of Evidence 403. (Defs.' Evidentiary Objections 3.) However, that rule precludes evidence for "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence"—not improper argument. Fed. R. Evid. 403.

Circuit have stricken portions of declarations . . . where the[y] contained improper argument . . . ." *Fuchs v. State Farm. Gen. Insurance Co.*, CV 16-01844-BRO-GJS, 2017 WL 4679272, at *2 (C.D. Cal. Mar. 6, 2017). Paragraph 7 offers no facts, includes a citation to case law, and entirely focuses on legal argument. (*See* Galvan Decl. ¶ 7.) The Court **SUSTAINS** Defendants' objection to paragraph 7.

    *b.*  *Hernandez Declaration*

  Defendants also objected to paragraphs 3, 5, 6, 7, and 9 of Plaintiff Hernandez's declaration on the grounds of relevance, prejudice, and introduction of improper new evidence. (*See* Defs.' Evidentiary Objections 3–6.) Hernandez's statements provide greater details about his interaction with Defendants and his injuries suffered. (Hernandez Decl. ¶¶ 3, 5, 6, 7, 9.) These statements are relevant to this case, which centers on Plaintiff's employment and termination, and are not unduly prejudicial.

  Defendants also object to these statements as improper new evidence "outside of his Complaint and the Notice of Removal." (Defs.' Evidentiary Objections 4, 5.) However, the Court may consider external evidence in deciding a remand motion in which fraudulent joinder is a central issue. *Vasserman*, 65 F. Supp. 3d at 941; *see also Plute*, 141 F. Supp. 2d at 1008 ("The court may . . . consider affidavits or other evidence to determine if joinder was a sham to preclude removal to federal court."). The Court **OVERRULES** Defendants' objections to Hernandez's declaration.[9]

---

[9] Defendants also object to paragraph 6 of the Hernandez Declaration as "vague and ambiguous" for referring to the letter terminating Plaintiff as "Exhibit 2," when it is, in fact, Exhibit 1 to the Motion to Remand. (Defs.' Evidentiary Objections 4–5; *see* Mot. Remand, Ex. 1). A brief examination of the exhibits shows that Exhibit 1 is the letter in question, while Exhibit 2 is an entirely separate website clip. (Mot. Remand, Exs. 1–2.) Defendants themselves made numerous errors in their filings, but neither those—nor the simple mislabeling of Plaintiff's exhibit here—are sufficient to sustain this objection. (*See, e.g.*, Evidentiary Objections 5–6 (labeling objections incorrectly).)

### 2. *Diversity of Parties*

Plaintiff is domiciled in the state of California. (Compl. ¶¶ 1, 12.) XPO Logistics Freight is a citizen of both Delaware and Michigan. (Tohvert Decl. I ¶ 2.) XPO Logistics, Inc., is a citizen of Delaware and Connecticut. (Tohvert Decl. II ¶ 2.) Individual Defendants, however, are both are domiciled in California. (Compl. ¶¶ 8–9.) Thus, their domicile is the same as Plaintiff's, destroying complete diversity.

### 3. *Fraudulent Joinder*

Defendants attempt to assert that removal is still proper in this instance because Individual Defendants are improperly joined "sham" defendants. (*See* Not. Removal; Mot. Dismiss.) "[F]raudulently joined defendants will not defeat removal on diversity grounds." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). Joinder is considered fraudulent when "the plaintiff fails to state a cause of action against the [non-diverse] defendant[]and the failure is obvious according to the settled rules of the state." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 130, 1206 (9th Cir. 2007). In assessing whether parties are fraudulently joined, the Court may "pierce the pleadings" to determine whether a plaintiff has a plausible claim against the non-diverse party. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001). To demonstrate fraudulent joinder, Defendants must also establish that Plaintiff "is incapable of amending his complaint to state a valid . . . claim." *Rangel v. Bridgestone Retail Operations, LLC*, 200 F. Supp. 3d 1024, 1034 (C.D. Cal. 2016). Defendants must show by clear and convincing evidence "that there is *no possibility* that the [P]laintiff could prevail on any cause of action it brought against the non-diverse defendant." *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (emphasis added); *Hamilton Materials*, 494 F.3d at 1206. So long as there is a potential that Plaintiff could amend his pleading to bring a valid cause of action against the alleged sham defendant, remand is warranted. *See Rangel*, 200 F. Supp. 3d at 1034.

Plaintiff alleges a single cause of action for IIED against Individual Defendants. (Compl. ¶¶ 96–100.) To prove a claim for IIED under California law, Plaintiff must prove "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard to the probability of causing, emotional distress; (2) the plaintiff suffered severe or extreme emotional distress; and (3) the plaintiff's injuries were actually and proximately caused by the defendant's outrageous conduct." *Cochran v. Cochran*, 65 Cal. App. 4th 488, 494 (1988). An IIED claim requires behavior that is "so extreme as to exceed all bounds of that usually tolerated in a civilized society." *Id.* "A simple pleading of personnel management activity is insufficient to support a claim of [IIED], even if improper motivation is alleged. If personnel decisions are improperly motivated, the remedy is a suit against the employer for discrimination." *Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th 55, 80 (1996). California courts have recognized that employers and supervisors will have occasion to discipline their employees and that "employers are necessarily aware that their employees will feel distressed by adverse personnel decisions" and may consider them "improper and outrageous." *Cole v. Fair Oaks Fire Protection Dist.*, 43 Cal. 3d 148, 160 (1987). Such decisions are insufficient to support an IIED claim. *Id.*

Plaintiff bases his IIED claim against Individual Defendants on their discrimination and retaliation against him, along with their refusal to engage in an interactive process to find a mutual solution with Plaintiff when he returned to work and the abrupt termination of Plaintiff. (Compl. ¶ 97.) Defendants argue that this alleged conduct is not "outrageous" because it falls within the scope of their management actions. (Mot. Dismiss 5.) The Court agrees. In addition, under California law, "claims for [IIED] made within the context of [an] employment relationship are within the exclusive remedy provisions of the California Worker's Compensation Act ("CWCA")." *Shaffer v. GTE, Inc.*, 40 F. App'x 552, 557 (9th Cir. 2002); *see also Fermino v. Fedco, Inc.*, 7 Cal. 4th 701. 708 (1994). Promotions, terminations, and criticism of work practices all fall within the normal employment

relationship. *Shaffer*, 40 F. App'x at 557. Because all allegations upon which Plaintiff rests his claim against Individual Defendants occurred in context of an employment relationship, Plaintiff has no viable claim based on this conduct outside the workers' compensation system. *See Rangel*, 200 F. Supp. 3d at 1033.

Plaintiff attempts to distinguish his case from other cases where IIED claims are clearly precluded, and asserts that Individual Defendants violated section 132(a) of the California Labor Code by terminating him while he was under care of a doctor and on medical leave. (*See* Mot Remand 7.) However, section 132(a) relates to the liability of an *employer*. Cal. Labor Code § 132(a). Additionally, Plaintiff does not allege a cause of action based on this provision. (*See* Compl.) Indeed, he could not allege such a cause of action because "a violation of section 132a cannot be the basis of a tort action . . . ." *Dutra v. Mercy Med. Ctr. Mt. Shasta*, 209 Cal. App. 4th 750, 755 (2012).

Plaintiff did assert by declaration that "the ladies[,] including Cindy Anderson [did not] get the [termination] letter right at all. She would not listen to me. She terminated me when I was under a doctor's care. I told her that was wrong but she would not listen to me." (Hernandez Decl. ¶ 6.) Plaintiff also summarily alleged that Individual Defendants knowingly ignored the policies and procedures in place at XPO that should have protected Plaintiff. (Compl. ¶¶ 27, 35, 40, 55, 64.) These facts are far from sufficient to successfully bring a claim against Individual Defendants. However, they do seem to indicate at least the potential possibility that Plaintiff could amend his complaint to cure its deficiencies and state a claim against Individual Defendants.

It is Defendants' burden to establish that Plaintiff would not cure the deficiencies by amending the complaint. *Rangel*, 200 F. Supp. 3d at 1034. Here, though Plaintiff's operative complaint does not adequately allege a cause of action against Individual Defendants for IIED, Defendants have not met their burden of establishing that Plaintiff is incapable of amending his complaint to state a valid IIED

claim. *See id*; *see also Padilla*, 697 F. Supp. 2d at 1169–70 (remanding case because the defendant failed to demonstrate that plaintiff could not state a valid claim upon amendment). As already established, Plaintiff and Individual Defendants are all domiciled in California. (Compl. ¶¶ 8–9.) Thus, the presence of Individual Defendants in this case destroys diversity jurisdiction, and the Court does not have subject matter jurisdiction in this matter. Accordingly, the Court **REMANDS** this case to the Los Angeles County Superior Court.

### C. Defendants' Motion to Dismiss

Defendants also moved to dismiss Individual Defendants without leave to amend pursuant to Rule 12(b)(6) for failure to state a claim. (*See* Mot. Dismiss 2–3.) However, because the Court lacks subject matter jurisdiction and this case is to be remanded, the Court **DENIES** Defendants' motion to dismiss **AS MOOT**.

## VI. CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's Motion to Remand (ECF No. 16) and **DENIES AS MOOT** Defendants' Motion to Dismiss (ECF No. 12). Accordingly, the Court **REMANDS** this action to the Superior Court of California, County of Los Angeles, Case No. BC 68502. The Clerk of the Court shall close this case.

**IT IS SO ORDERED.**

April 16, 2018

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**